UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITH STANLEY YOUNG, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| v. | ) | No. 4:11-CV-2084-JAR |
| JANET M. SCHNEIDER, | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Keith Young (registration no. 42407), an inmate at the Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.60. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.00, and an average monthly balance of $.68. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.60, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. In addition, plaintiff summarily asserts pendent state claims for defamation, loss of wages, and psychological distress. Plaintiff's allegations arise out of his confinement at the St. Louis Community Release Center ("SLCRC"). The named defendants are Janet Schneider (SLCRC Superintendent), Derek Deen (SLCRC Parole Officer), Mildred Wheeling (SLCRC Parole Officer), Nikki Clay (SLCRC Unit Supervisor), Ellis McSwain, Jr. (Chairman, Missouri Board of Probation and Parole), Brian Jamison (Member of the Missouri Board of Probation and Parole), Chuck Pryor (Member of the Missouri Board of Probation and Parole), Jim Wells (Member of the Missouri Board of Probation and Parole), Reed Forrester (Member of the Missouri Board of Probation and Parole), and Martin Rucker (Member of the Missouri Board of Probation and Parole). For relief, plaintiff seeks $500 million and an order "requiring [defendants] not to continue holding him in unlawful, illegal confinement."

Liberally construing the complaint, plaintiff is alleging that defendants violated his constitutional rights when they issued him a false conduct violation for possession of drugs and disobeying an order, which resulted in the revocation of his probation, parole, or conditional release, without affording him a fair and impartial hearing. Plaintiff claims, *inter alia*, that he was denied a "competent hearing/parole officer,"

written notice of all claimed violations, the opportunity to present and cross-examine witnesses and be heard in person, and a written statement by the fact finders as to the evidence relied upon. He also claims that defendant Deen tampered with "the writing on the PH form." Plaintiff asserts that the conduct violation "formed the basis for a condition violation of release," and that he was "returned to the Dept. of Corr."

## Discussion

### A. Section 1983 Claims

Plaintiffs' § 1983 claims for monetary relief relative to the allegedly false conduct violation and unconstitutional revocation of his probation, parole, or conditional release challenge the fact or duration of his present confinement. A favorable decision would necessarily imply the invalidity of his continued confinement. Thus, plaintiff's § 1983 claims are foreclosed until he has demonstrated such invalidity through an appropriate avenue. See Heck v. Humphrey, 512 U.S. 477 (1994)(if judgment in favor of prisoner "would necessarily imply the invalidity of his conviction or sentence," complaint must be dismissed unless prisoner demonstrates conviction or sentence has already been invalidated); Shafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (Heck precluded action that would have implied invalidity of denial of parole and thus was challenge to duration of confinement). For these reasons, the Court will dismiss plaintiff's § 1983 claims under §1915(e)(2)(B).

5

Moreover, to the extent that plaintiff is seeking release from his allegedly "unlawful, illegal confinement," his judicial recourse is to file a separate habeas corpus action, after first exhausting available state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)(habeas corpus is the proper mechanism for an inmate to challenge either the fact or length of his confinement).

**B. Section 1985 and 1986 Claims**

Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. Although plaintiff does not specify under which subsection of § 1985 he is proceeding, the Court will liberally construe the allegations under § 1985(3), which provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements

6

to state § 1985(3) claim). In the instant action, nothing in the complaint indicates that plaintiff is a member of a protected class or that defendants were motivated by purposeful discrimination. As such, plaintiff's § 1985(3) claims will be dismissed as legally frivolous. Because a § 1986 action is dependent upon the existence of a § 1985 claim, plaintiff's § 1986 claim is also frivolous. See McIntosh v. Arkansas Republican Party-Frank White Election Committee, 766 F.2d 337, 340 (8th Cir. 1985).

As an additional ground for dismissing plaintiffs §§ 1985 and 1986 claims, the Court finds that Heck applies to bar these claims. See McQuillon v. Schwarzenegger, 369 F.3d 1091, 1098 n. 4 (9th Cir. 2004)(Heck applies equally to claims brought under §§ 1983, 1985, and 1986); Lanier v. Bryant, 332 F.3d 999, 1005-06 (6th Cir. 2003)(applying Heck to § 1985 action). For these reasons, the Court will dismiss plaintiff's §§ 1985 and 1986 claims.

**C. Pendent State-Law Claims**

Given that plaintiff's federal claims will be dismissed, the Court will also dismiss all remaining pendent state claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been

7

dismissed, district courts may decline jurisdiction over pendent state claims as a matter of discretion).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because plaintiff's federal claims are legally frivolous and fail to state a claim upon which relief can be granted, and the Court is declining jurisdiction over the pendent state claims.

**IT IS FURTHER ORDERED** that plaintiff's motion for a preliminary injunction [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of February, 2012.

                                                           JOHN A. ROSS
                                                           UNITED STATES DISTRICT JUDGE